IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 16-00465 HG-01 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DAJON FRANCISCO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER DENYING DEFENDANT DAJON FRANCISCO'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE (ECF No. 44)**

Defendant is currently incarcerated at the Federal Correctional Institute Dublin in California with a projected release date of October 20, 2021.

Defendant has filed a Motion seeking immediate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). Defendant seeks release due to the COVID-19 pandemic. She claims that her past medical conditions place her at high risk of suffering serious complications should she contract the virus.

The Government opposes Defendant's Motion.

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

Considering the totality of the circumstances, the Court finds that Defendant's release is not appropriate. Defendant does not currently suffer from any severe medical conditions and is not undergoing any current medical treatment that would

1

support her immediate release.  There is no evidence that she is currently immunocompromised based on medical treatment she received more than three years ago.  Defendant has not established that the threat of exposure to COVID-19 constitutes an extraordinary and compelling reason to reduce her sentence.

In addition, the sentencing factors set forth in 18 U.S.C. § 3553(a) do not support Defendant's release.  Defendant has a lengthy and serious criminal history that includes convictions for burglary, promoting a dangerous drug, and multiple convictions for theft, fraud, and identity theft.  At the time of her sentencing for the instant offense, Defendant was only 35 years old and was already in criminal history category VI.

Defendant's repeated involvement in theft, fraud schemes, identify theft, and drug trafficking along with her past failure to abide by the terms of her parole demonstrate that Defendant poses a significant danger to the public and that she should not be immediately released into the community.

Defendant's MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE (ECF No. 44) is **DENIED.**

## PROCEDURAL HISTORY

On July 20, 2016, the grand jury returned an Indictment charging Defendant Francisco with two counts, as follows:

**Count 1**:  Entry By False Pretenses To A Secure Area Of An Airport, in violation of 18 U.S.C. § 1036(a)(4); and,

**Count 2**:  Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A.

(Indictment, ECF No. 1).

On November 1, 2016, Defendant pled guilty to Count 2 of the Indictment for Aggravated Identity Theft pursuant to a plea agreement.  (ECF Nos. 15, 16, 17, 18).

On November 8, 2017, the Court held a sentencing hearing. (ECF No. 40).

Defendant's Presentence Report reflected that at the time of sentencing Defendant was in Criminal History Category VI. (Presentence Report at ¶ 37, ECF No. 25).

Defendant was sentenced to a mandatory term of imprisonment of 2 years followed by a term of supervised release of 1 year. (Id. at ¶¶ 65, 70; Judgment, ECF No. 41).

On June 15, 2020, Defendant filed DEFENDANT DAJON FRANCISCO'S MOTION FOR REDUCTION OF SENTENCE AND COMPASSIONATE RELEASE (ECF No. 44).

On June 16, 2020, the Court issued a briefing schedule. (ECF No. 45).

On June 25, 2020, the Government filed a Motion to Continue. (ECF No. 47).

On the same date, the Court granted the Government's Motion to Continue.  (ECF No. 48).

On July 2, 2020, the Government filed its Opposition.  (ECF No. 49).

On July 9, 2020, Defendant filed her Reply.  (ECF No. 53).

3

On July 23, 2020, the Government filed a Motion For Leave to File a Sur-Reply Brief and attached a copy of its Sur-Reply Brief.  (ECF No. 55).

On July 24, 2020, the Court granted the Government's Motion and deemed the Sur-Reply Brief filed.  (ECF No. 56).

The Court elects to decide the matter without a hearing pursuant to District of Hawaii Local Rule 7.1(c).

## STANDARD OF REVIEW

A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.  Dillon v. United States, 560 U.S. 817, 824-25 (2010).

On December 21, 2018, Congress passed the First Step Act of 2018.  PL 115-391, December 21, 2018, 132 Stat. 5194.  The First Step Act amended 18 U.S.C. § 3582(c), the statute governing the limited circumstances under which the trial court may evaluate a motion for reduction of sentence.

The First Step Act altered the statute in Section 3582(c)(1)(A) to allow a defendant to request the trial court reduce his sentence through a motion for compassionate release, but the statute requires the defendant to first present his request for release to the Bureau of Prisons.  18 U.S.C. § 3582(c)(1)(A).

## ANALYSIS

18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, provides, in pertinent part:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment...after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)   extraordinary and compelling reasons warrant such a reduction;
>
> ...         and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

### A.   Mandatory Procedural Requirement

The statute allows the Court to consider a defendant's request for compassionate release only after the defendant has first presented his request to the Bureau of Prisons ("BOP").  In order to file a motion for compassionate release directly with the court, defendant must have either:

> (1)   "fully exhausted all administrative rights" with the Bureau of Prisons; or
>
> (2)   filed his motion with the court after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A); United States v. Raia, 954 F.3d

5

594, 597 (3d Cir. 2020).

The requirement that a defendant first file a request for compassionate release with the BOP or the warden of the defendant's facility is a mandatory rule.  United States v. Alam, 960 F.3d 831, 832-34 (6th Cir. 2020).  The defendant must either "fully exhaust" his request with the BOP or wait 30 days from the date of filing his request with the warden before the Court may consider a request for compassionate release.  See United States v. Haney,    F.Supp.3d   , 2020 WL 1821988, *3 (S.D.N.Y Apr. 13, 2020) (explaining the statute "requires the defendant either to exhaust administrative remedies or simply to wait 30 days after serving his petition on the warden of his facility before filing a motion in court").

On May 5, 2020, Defendant submitted a request for home confinement to the warden at the Federal Detention Center ("FDC") in Honolulu.  (May 5, 2020 Letter to the Warden, attached as Ex. G to Def.'s Motion, ECF No. 44-9).

On May 13, 2020, the warden at the FDC Honolulu denied her request.  (May 13, 2020 Letter from Warden, attached as Ex. J to Def.'s Motion, ECF No. 44-12).

On June 15, 2020, Defendant filed her Motion for Compassionate Release with the Court.

On June 24, 2020, Defendant was designated to serve her sentence at the Federal Correctional Institution Dublin in California.  She was transferred from the FDC Honolulu to the

Federal Correctional Institution in Dublin following the
Government's Response brief filed on July 2, 2020.  (Gov't
Response at pp. 8-9, ECF No. 49; Gov't Sur-Reply at p. 6, ECF No.
55).

The Government argues that this Court lacks subject-matter
jurisdiction to consider Defendant's Motion because the warden at
the FDC Honolulu did not construe her request as a motion for
compassionate release, but as a request for "re-designation to
home confinement" pursuant to a Memorandum issued by the Attorney
General.

The Court construes Defendant's May 5, 2020 letter as a
request for compassionate release pursuant to 18 U.S.C. §
3582(c)(1)(A).  More than 30 days has lapsed since the Defendant
made her May 5, 2020 request to the warden at the FDC Honolulu.
The 30-day lapse allows the Court to consider Defendant's Motion
pursuant to 18 U.S.C. § 3582(c)(1)(A).  Haney, 2020 WL 1821988,
at *3.

### B.    Merits Of Defendant's Request For Compassionate Release

If a defendant has complied with the mandatory procedural
requirement set forth in 18 U.S.C. § 3582(c)(1)(A), the District
Court may reduce a term of imprisonment, including the grant of
compassionate release, upon finding "extraordinary and compelling
reasons" consistent with applicable policy statements of the
Sentencing Commission.

The Sentencing Commission's policy statement is provided in
United States Sentencing Guidelines § 1B1.13:

> [T]he court may reduce a term of imprisonment (and may
> impose a term of supervised release with or without
> conditions that does not exceed the unserved portion of
> the original term of imprisonment) if, after
> considering the factors set forth in 18 U.S.C. §
> 3553(a), to the extent that they are applicable, the
> court determines that—
>
> > (1)(A)   Extraordinary and compelling reasons
> >          warrant the reduction; or
> >
> > (B)    The defendant (i) is at least 70 years
> >          old; and (ii) has served at least 30
> >          years in prison pursuant to a sentence
> >          imposed under 18 U.S.C. § 3559(c) for
> >          the offense or offenses for which the
> >          defendant is imprisoned;
> >
> > (2)    The defendant is not a danger to the
> >          safety of any other person or to the
> >          community, as provided in 18 U.S.C. §
> >          3142(g); and
> >
> > (3)    The reduction is consistent with this
> >          policy statement.

U.S.S.G. § 1B1.13.

Defendant is not 70 years of age and was not sentenced
pursuant to 18 U.S.C. § 3559(c).  Defendant is only entitled to
relief if she demonstrates:

> (1)  extraordinary and compelling reasons warrant a sentence
>       reduction;
>
> (2)  he is not a danger to the safety of others or the
>       community; and,
>
> (3)  any requested reduction is consistent with the policy
>       statement.

United States v. Gill, 2020 WL 2084810, *2 (E.D. Cal. Apr.
30, 2020).

1. **Extraordinary And Compelling Reasons Are Required To Warrant Sentence Reduction**

The Sentencing Commission's application note for Guideline § 1B1.13 provides the definition of "extraordinary and compelling reasons."  The Court agrees with the majority of the district courts in the Ninth Circuit that have concluded that Section 1B1.13 and its definition of "extraordinary and compelling reasons" applies to motions for compassionate release even though the sentencing guideline was not separately amended following the passage of the First Step Act.  See Riley v. United States, 2020 WL 1819838, *8 (W.D. Wash. Apr. 10, 2020) (collecting cases); United States v. Shields, 2019 WL 2359231, *4 (N.D. Cal. June 4, 2019).

Sentencing Guideline Section 1B1.13's comment explains that extraordinary and compelling reasons exist when:

(A) **Medical Condition of the Defendant.**–

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory).  A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required.  Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I)      suffering from a serious physical or medical condition,

        (II)     suffering from a serious functional or cognitive impairment, or

        (III)    experiencing deteriorating physical or

9

> > mental health because of the aging process,

> > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

> (B) **Age of the Defendant.**–The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

> (C) **Family Circumstances.**–
> > (i)  The death or incapacitation of the caregiver of the defendant's minor child or minor children.

> > (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

> (D) **Other Reasons.**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

Defendant is 37 years old.  She is not suffering from any medical conditions that warrant relief.  Defendant bears the burden to demonstrate that extraordinary and compelling reasons exist that warrant her immediate release from incarceration. United States v. Greenhut, 2020 WL 509385, *1 (C.D. Cal. Jan. 31, 2020).  Defendant has failed to do so.

Defendant's general concern about potential exposure to COVID-19 at the Bureau of Prisons' facilities does not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.  United States v. Eberhart,    F.Supp.3d   , 2020

WL 1450745, *2 (N.D. Cal. Mar. 25, 2020); United States v. Carver,     F.Supp.3d    , 2020 WL 1892340, *3 (E.D. Wash. Apr. 8, 2020).

The Centers for Disease Control ("CDC") has identified certain categories of individuals that are at a higher risk for severe illness due to COVID-19, including people with chronic lung disease, serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, diabetes, or individuals who are immunocompromised.  See United States v. Jones, Crim. No. 13-00860 LEK-03, 2020 WL 2331678, *5 (D. Haw. May 11, 2020).

Three sets of Defendant's medical records have been filed in the record.  (Exhibits A-I, attached to Def.'s Presentence Report, ECF No. 25; Exhibits B-C, attached to Defendant's Motion for Compassionate Release, ECF No. 44; and, Exhibits C-F, attached to the Government's Response, ECF No. 52).

A review of Defendant's medical records demonstrates that she does not currently have a severe medical condition that warrants release or that she is immunocompromised.  Defendant does not have any diagnosis of serious asthma, serious heart conditions, obesity, chronic kidney disease requiring dialysis, liver disease, or diabetes.

The medical records indicate that Defendant was diagnosed with gestational trophoblastic disease (molar pregnancy) in January 2014.  (Medical Records from Kapiolani Medical Center, attached as Ex. A to Def.'s Presentence Report, ECF No. 25-2;

11

Pali Momi Medical Center Records at p. 1, attached as Ex. B, ECF
No. 25-3; BOP Medical Records, attached as Ex. F to Gov't
Response, ECF No. 52-4).  Starting in July 2016, Defendant
received chemotherapy to treat her gestational trophoblastic
disease.  (Pali Momi Medical Center Records at p. 1, attached as
Ex. B to Def.'s Presentence Report, ECF No. 25-3).  Her records
indicate that she was given four doses of methotrexate without
effect.  The doctors then switched to treatment for two weeks
with dactinomycin.  (Id.)  Defendant has not had any further
treatment for this condition after the chemotherapy she received.
(BOP Medical Records attached as Ex. F to Gov't Response, ECF No.
52-4).

    Defendant is not currently prescribed any medication related
to her previous diagnosis.  (BOP Medical Records attached as Ex.
F, ECF No. 52-4).  Defendant argues that she is immunocompromised
because of her previous chemotherapy treatment.  Defendant's
Exhibit O attached to her Motion, (ECF No. 44-17), contradicts
Defendant's assertion that her past cancer diagnosis puts her at
risk for contracting or suffering serious consequences from
COVID-19.  Exhibit O is a series of Frequently Asked Questions
examining the relationship of cancer to COVID-19, produced by the
American Society of Clinical Oncology and the National Coalition
for Cancer Survivorship.  One of the questions posed is whether
past chemotherapy treatments raise the risk of getting COVID-19.
The answer provided in this document is that while "limited
evidence is available to suggest that any cancer treatments raise

your risk for getting COVID-19...Emerging evidence suggests that patients with lung cancer who received chemotherapy within 3 months of a COVID-19 diagnosis are at higher risk of dying from the infection." (Id. at p. 3). The record indicates that Defendant most recently received chemotherapy in early 2017, and is well past the 3-month window that would support her immediate release.

On June 5, 2017, Defendant underwent a video-assisted thoracic surgery lung wedge resection. (Post Operation Notes from Pali Momi Medical Center, attached as Ex. C to Def.'s Presentence Report, ECF No. 25-4). A wedge from Defendant's left upper lung containing a malignant nodule was removed. (Id.) Defendant does not report any residual effects as a result of the surgery and she is not currently prescribed any medication related to her lung health. (BOP Medical Records, attached as Ex. F to Gov't Response, ECF No. 52-4).

Defendant argues that her 2017 lung wedge resection is "akin to" chronic lung disease. (Motion at p. 13, ECF No. 44-1). Defendant provides no evidence to support such a claim.

Defendant's Motion states that in addition to her past cancer treatment and lung surgery, Defendant has undergone an appendectomy, a hysteroscopy, and a hernia surgery since being incarcerated. (Motion at p. 2, ECF No 44-1). The records indicate Defendant underwent these procedures in 2002, 2016, and 2014, respectively. (Pali Momi Medical Records at p. 7, attached as Ex. E to Gov't Response, ECF No. 52-3).

13

Defendant has not demonstrated that she has any current medical conditions that are so severe as to warrant immediate release.  Defendant, instead, relies on conditions for which she received treatment more than three years ago and has fully recovered.  There is no evidence that Defendant has any current medical condition that is terminal or substantially diminishes her ability to provide self-care within the environment of a correctional facility.  U.S.S.G. § 1B1.13 cmt. n.1(A)(i-ii).

### 2.    Release Is Not Available If Defendant Poses A Danger To The Safety Of Others And The Community

In order to be eligible for compassionate release, Defendant must establish release is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a) and that she is not a danger to the safety of others or the community.  18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2).

The Section 3553(a) sentencing factors here do not weigh in favor of a reduced sentence.  The Section 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed.  The nature and circumstances of Defendant Francisco's offense weigh in favor of her mandatory 2-year sentence.

Defendant was sentenced while in Criminal History Category VI at the age of 35.  Defendant's crime for Aggravated Identity Theft was committed while Defendant was released on bail for two then-pending Hawaii state cases.  (Presentence Report at p. 27,

14

ECF No. 25).

Defendant has a long history of involvement with the criminal justice system. (Presentence Report at pp. 6-13, ECF No. 25). Defendant has convictions for a wide range of offenses including Unauthorized Control of Propelled Vehicle, Burglary, Theft, Forgery, Identity Theft, and Promoting A Dangerous Drug. (Id.) Prior arrest reports from Defendant's convictions indicate that two of the cases involved firearms. (Id. at p. 27). When debriefed for her current conviction, Defendant admitted that she had been shipping parcels of methamphetamine from Las Vegas to Hawaii. (Id. at p. 6). Defendant's history and characteristics do not favor a reduced sentence.

Defendant has been given numerous chances for rehabilitation and has continued to be involved in criminal activity. Defendant performed poorly while under probation and parole supervision in the past, and had her terms of supervision revoked on multiple occasions for drug use and new arrests. (Id. at pp. 6-13).

Defendant's extensive criminal record, repeated lack of rehabilitation, and her overall poor record of behavior on parole demonstrate that she poses a danger to the safety of others and the community. Defendant's immediate release is not appropriate considering the totality of the circumstances.

//

//

//

//

## CONCLUSION

Defendant's Motion for Reduction of Sentence and Compassionate Release (ECF No. 44) is **DENIED.**

IT IS SO ORDERED.

Dated: August 6, 2020, Honolulu, Hawaii.



Helen Gillmor
United States District Judge